**FILED**

James J. Vilt Jr,
Clerk

**2/4/2026**

U.S. District Court
Western District of Kentucky

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|  |  |  |
|---|---|---|
| JERRY ROBINSON, | ) | |
| | ) | Civil Action No. 3:23-CV-554-CHB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every case. Then I will explain the rules of law that you must apply in deciding whether the plaintiff has proven the elements of his claim. Then I will explain some rules that you must use in evaluating the testimony and evidence. And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## INSTRUCTION NO. 1

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls. Perform these duties fairly. Do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Plaintiff Jerry Robinson ("Mr. Robinson") has the burden in this civil action to prove every essential element of his claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if Mr. Robinson should fail to establish any essential element of his claim by a "preponderance of the evidence," you should find for Defendant Dollar General Corporation ("Dollar General") on that claim. If you find that Mr. Robinson has established all essential elements of a claim by a "preponderance of the evidence," you should find for Mr. Robinson on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 3

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath to not let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

### INSTRUCTION NO. 5

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6

During the trial, certain testimony has been presented by way of deposition. The depositions consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same ways as if the witness had been present and had testified from the witness stand.

**INSTRUCTION NO. 7**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. 9**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTION NO. 10

There is one more general subject that I want to talk to you about before I begin explaining the elements of the plaintiff's claim.

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### INSTRUCTION NO. 11

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

## INSTRUCTION NO. 12

A corporation may act only through natural persons who are its agents or employees. In general, agents or employees of a corporation may bind their corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

## INSTRUCTION NO. 13

Dollar General has a duty to exercise ordinary care to maintain and keep its premises in a reasonably safe condition for the use of its patrons, including Mr. Robinson.

"Ordinary care" as applied to the Dollar General means the degree of care that an ordinarily prudent business engaged in the same type of business would exercise under like or similar circumstances as presented in this case.

You will find for the plaintiff, Mr. Robinson, if you are satisfied from the evidence that upon the occasion here in question:

(1) Dollar General breached its duty to exercise ordinary care because the floor was not in a reasonably safe condition for use by its patrons including Mr. Robinson; and

(2) Such condition was a substantial factor in causing Mr. Robinson to fall and sustain injury.

Please indicate your decision on Question 1 of the verdict form.

## INSTRUCTION NO. 14

If you find for the plaintiff, Mr. Robinson, on Question 1 of the verdict form, then you must also consider this instruction.

It was the duty of Mr. Robinson, upon the occasion in question, to exercise ordinary care for his own safety and protection while at the Dollar General.

"Ordinary care" as applied to Mr. Robinson means the degree of care that an ordinarily prudent person would exercise under the same or similar circumstances.

If you find for the plaintiff, Mr. Robinson, on Question 1 of the verdict form, but you are also satisfied from the evidence that Mr. Robinson failed to comply with his duty and that such failure on his own part was also a substantial factor in causing his fall, you will mark the appropriate place on Question 2 of the verdict form.

**INSTRUCTION NO. 15**

If you answered "Yes" to Questions 1 and 2 on the verdict form, you must determine what percentage of the total fault is attributed to each of the parties.

In apportioning fault between Dollar General and Mr. Robinson, you should consider both the nature of the conduct of each party and the extent of damages caused by that conduct. Please indicate your decision on Question 3 of the verdict form. On Question 3 of the verdict form, you may place any number in the line for each party from 0 to 100 provided that the total of all lines is 100%.

## INSTRUCTION NO. 16

If you find for the plaintiff, Mr. Robinson, on Question 1 of the verdict form, you must determine from the evidence the amount of money that will fairly and reasonably compensate Mr. Robinson for any injury or injuries he sustained or is reasonably certain to endure hereafter as a direct result of his fall. Any award you give must be fair compensation in light of the evidence presented at trial – no more and no less. In calculating these damages, you should not consider the percentage of fault attributed to each party. Instead, for purposes of this instruction, you should calculate the total amount of money that will fairly and reasonably compensate Mr. Robinson, regardless of the percentage of fault attributed to each party.

If you find for the plaintiff,

(1) Mr. Robinson will recover damages for past medical expenses incurred that are substantially related to Mr. Robinson's fall (in the amount of $49,618.32); and

(2) Mr. Robinson may recover damages for past, present, and future physical pain and suffering that are substantially related to Mr. Robinson's fall (not to exceed $1,000,000.00).

You will indicate the amount of damages, if any, on Question 4 of the verdict form.

18

**INSTRUCTION NO. 17**

You have heard the testimony of Dr. Prodromos Ververeli and Dr. Stacie Grossfield, who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give them, you should consider the witnesses' qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 18**

During the trial you have seen or heard summary evidence in the form of chart. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**INSTRUCTION NO. 19**

I have decided to accept as proved the fact that according to the Social Security Administration, the life expectancy of a male person, 76 years of age is 11.3 years, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

## INSTRUCTION NO. 20

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. The Court Security Officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## INSTRUCTION NO. 21

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## INSTRUCTION NO. 22

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has proven the elements of his claim by a preponderance of the evidence.

**INSTRUCTION NO. 23**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## INSTRUCTION NO. 24

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.